IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 04-048T |
| | : | |
| NILL RAMOS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Nill Ramos (Ramos), has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Ramos's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

On July 14, 2004, Ramos pleaded guilty to a four-count Indictment charging him with possession with intent to distribute 100 grams or more of heroin (count IV) and 50 grams or more of cocaine base (count III), and conspiracy to do the same (counts I and II). The charges stemmed from the execution of a search warrant at defendant's home in October 2003 that resulted in the seizure of approximately 123 grams of crack cocaine and nearly 200 grams of heroin, as well as over $1400 in U.S. currency. Ramos was sentenced on September 24, 2004 to a term of 76 months incarceration on each count to be served concurrently, five years of supervised release, and $400 special assessment. Ramos's sentencing guidelines calculation was

set at Offense Level 27, Criminal History Category I.[1] The sentencing range was 70-87 months imprisonment.

Ramos claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range is 57-71 months imprisonment, and he now seeks a sentence of 60 months incarceration. Ramos's analysis, however, is not born out by the application of the 2007 amendments to the crack cocaine guidelines. Accordingly, the government believes that Ramos's sentence should stand.

Governing Law

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2007, U.S.S.G. § 2D1.1 was amended. The amendments generally reflect a two-level decrease from the earlier guidelines for cases involving quantities of crack cocaine. The amendments were designated as Appendix C, Amendments 706 and 711. The amendments were made retroactive under U.S.S.G. § 1B1.10. They are effective March 3, 2008. Section 1B1.10 states, in part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a

---

[1] Under the Presentence Investigation Report, Ramos's base offense level was 32. Ramos received both safety valve (minus 2 levels) and acceptance of responsibility (minus three levels) adjustments for a total of five offense levels.

result of an amendment to the Guidelines Manual in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

Amendments designated as 706 and 711 of Appendix C are covered amendments under U.S.S.G. § 1B1.10.

PSR Application

Under U.S.S.G. § 2D1.1, as amended, certain steps apply for determining the base offense level in offenses involving crack cocaine and one or more other controlled substances. First, the base offense level for the quantity of cocaine base involved in the offense is determined. Second, using a marijuana equivalency table, the quantity of cocaine base involved in the offense is converted to a quantity of marijuana. Third, the marijuana equivalency for the other controlled substances is determined. Fourth, the marijuana equivalency for the cocaine base and the marijuana equivalency for the other controlled substances are added together. Under the Drug Quantity Table in § 2D1.1, this total amount of marijuana provides the combined base offense level. See, U.S.S.G. § 2D1.1 comment. n.10(D).

These calculations as applied to Ramos are as follows:

1) The Drug Equivalency Table assigns a base offense level of 30 for123 grams of cocaine base. U.S.S.G. § 2D1.1(c)(5).

2) Under the Marijuana Equivalency Table found at Note 10 (D) of § 2D1.1, for a base offense level of 30, each gram of cocaine base is converted to 14 kilograms of marijuana. The conversion of 123.14 grams of cocaine base to marijuana results in1723.96 kilograms of marijuana.

3) Heroin in the amount of 217.91 grams converts to an amount of marijuana equivalent to 217.91 kilograms. See, U.S.S.G. § 2D1.1 comment. n.10(E).

4) The total amount of marijuana equivalency is 1941.87 kilograms. Under the Drug Quantity Table of § 2D1.1(c)(4), 1941.87 kilograms of marijuana has a base offense level of 32.

Taking into account the original downward adjustments of five levels for safety valve and acceptance of responsibility, Ramos's total offense level remains at level 27 as calculated under the amendments.

Where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank

robbery, was the same under either definition, and thus the guideline range was the same); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

Ramos's request that in support of a further reduction of sentence this Court should take United States v. Kimbrough, 128 S.Ct. 588 (2007), into account should likewise be denied. The Court's authority to act upon Ramos's motion is based entirely on the power conferred upon the Court by 18 U.S.C. § 3582(c)(2). Because Ramos's sentencing range has not been lowered under the crack cocaine amendments, he derives no benefit from the action of the Sentencing Commission. Section 3582(c)(2) does not permit the Court to re-visit a defendant's sentencing in the absence of a "sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant relies on a recent decision from the District of Maine, United States v. Horta, No. CR-07-16-B-W (D. Me. Feb. 19, 2008) to argue that the fact that there is no sentencing reduction in a poly-drug case results in unwarranted sentencing disaparities. The Maine decision is not controlling here. Furthermore, it is unlikely that the Sentencing Commission did not consider the impact of its amendment on poly-drug cases. Rather, as the Horta decision pointed out, it is quite possible that the Commission intended to preserve harsher penalties for individuals who traffic in multiple types of drugs.

In this case, the defendant trafficked in quantities of crack cocaine and marijuana that were not even near the bottom of the guidelines range. That the Court opted to sentence the defendant towards the mid-range of the guidelines range, as opposed to the bottom, further suggests that the Court at the time considered defendant's conduct to be sufficiently serious. In

this particular case, the sentence imposed by the Court was not "greater than necessary" to achieve the purposes of section 3553(a). Furthermore, the court should not re-visit defendant's sentence where the amended guidelines do not yield a different result.

WHEREFORE, the government respectfully requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
Assistant U. S. Attorney, RI Bar # 6701
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050 /401-709-5001 (fax)
adi.goldstein@usdoj.gov

CERTIFICATION

I hereby certify that on the 3rd day of March, 2008, I electronically filed and served the Within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Edward C. Roy, Esq.
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ Adi Goldstein
Assistant U. S. Attorney, RI Bar # 6701
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5050 /401-709-5001 (fax)
adi.goldstein@usdoj.gov